UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SCOTT BARTLETT

    Applicant,

v.                                 Case No. 8:12-cv-2159-T-23JSS

SECRETARY, Department of Corrections,

    Respondent.
_____/

## O R D E R

    Scott Bartlett applies for the writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1) and challenges the validity of his state convictions for burglary of a dwelling, grand theft, dealing in stolen property, and giving false information on a pawnbroker form.  Bartlett's application alleges three grounds of ineffective assistance of trial counsel.  Numerous exhibits ("Respondent's Exhibit __") support the response.  (Doc. 11)

## FACTS[1]

    Bartlett's girlfriend, co-defendant Debra McCarter, worked as a housekeeper for the Caban family.  The Cabans, along with McCarter, stayed at a hotel when a hurricane threatened the Tampa area.  When the Cabans checked out of the hotel, they discovered that both their car and McCarter were gone.  They subsequently

---

[1] This factual summary derives from Bartlett's brief on direct appeal and testimony adduced at trial.  (Respondent's Exhibits 2, 4)

discovered that their home had been burglarized.  Property stolen from the Caban home includes $40,000 worth of jewelry, televisions, DVD players, and movies. Bartlett pawned some of the stolen items at three local pawnshops.  Bartlett went with McCarter in the Cabans' vehicle to Las Vegas, Nevada.  Bartlett returned to Florida and turned himself in to the police when he discovered warrants had issued for his arrest.

An information charged Bartlett with grand theft of a motor vehicle, burglary of a dwelling, grand theft, dealing in stolen property (three counts), and providing false information on a pawnbroker form (three counts).  A jury convicted Bartlett of all charges except the motor vehicle theft.[2]  He serves fifteen years imprisonment as a prison releasee re-offender for the burglary conviction and concurrent terms of ten years imprisonment for each conviction for dealing in stolen property, and five years imprisonment for each of the convictions for providing false information on a pawnbroker form.

## **STANDARD OF REVIEW**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding.  *Wilcox v. Florida Dep't of Corr.*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000).  Section 2254(d), which creates a

---

[2]  The trial judge granted Bartlett's motion for judgment of acquittal on this charge. (Respondent's Exhibit 4, Vol. II, p. 198)

highly deferential standard for federal court review of a state court adjudication,

states in pertinent part:

> An application for a writ of habeas corpus on behalf of a
> person in custody pursuant to the judgment of a State court
> shall not be granted with respect to any claim that was
> adjudicated on the merits in State court proceedings unless
> the adjudication of the claim —
>
>> (1) resulted in a decision that was contrary to,
>> or involved an unreasonable application of,
>> clearly established Federal law, as determined
>> by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an
>> unreasonable determination of the facts in
>> light of the evidence presented in the State
>> court proceeding.

In *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000), the Supreme Court

interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a
> federal habeas court to grant a state prisoner's application for a writ
> of habeas corpus with respect to claims adjudicated on the merits in
> state court. Under § 2254(d)(1), the writ may issue only if one of
> the following two conditions is satisfied — the state-court
> adjudication resulted in a decision that (1) "was contrary to . . .
> clearly established Federal Law, as determined by the Supreme
> Court of the United States" or (2) "involved an unreasonable
> application of . . . clearly established Federal law, as determined by
> the Supreme Court of the United States." Under the "contrary to"
> clause, a federal habeas court may grant the writ if the state court
> arrives at a conclusion opposite to that reached by this Court on a
> question of law or if the state court decides a case differently than
> this Court has on a set of materially indistinguishable facts. Under
> the "unreasonable application" clause, a federal habeas court may
> grant the writ if the state court identifies the correct governing legal
> principle from this Court's decisions but unreasonably applies that
> principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694  (2002).  "As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 526 U.S. 86, 103 (2011).  *Accord Brown v. Head*, 272 F.3d 1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness *per se*, of the state court decision that we are to decide.").  The phrase "clearly established Federal law" encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams*, 529 U.S. at 412.

The purpose of federal review is not to re-try the state case.  "The [AEDPA] modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Cone*, 535 U.S. at 693.  A federal court must afford due deference to a state court's decision.  "AEDPA prevents defendants — and federal courts — from using federal habeas corpus review as a vehicle to second-guess the reasonable decisions of state courts." *Renico v. Lett*, 559 U.S. 766 (2010).  *See also Cullen v. Pinholster*, ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011) ("This is a 'difficult to meet,' . . . and 'highly deferential standard for evaluating state-court rulings, which

demands that state-court decisions be given the benefit of the doubt' . . . .") (citations omitted).

In a *per curiam* decision without a written opinion the state appellate court on direct appeal affirmed Bartlett's convictions and sentences. (Respondent's Exhibit 3) In another *per curiam* decision without a written opinion the state appellate court affirmed the denial of Bartlett's Rule 3.850 motion to vacate. (Respondent's Exhibit 9) The state appellate court's *per curiam* affirmances warrant deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir.), *reh'g and reh'g en banc denied*, 278 F.3d 1245 (2002), *cert. denied sub nom Wright v. Crosby*, 538 U.S. 906 (2003). *See also Richter*, 131 S. Ct. at 784–85 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary.").

Review of the state court decision is limited to the record that was before the state court.

> We now hold that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits. Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that "resulted in" a decision that was contrary to, or "involved" an unreasonable application of, established law. This backward-looking language requires an examination of the state-court decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time, i.e., the record before the state court.

*Pinholster*, 131 S. Ct. at 1398.  Bartlett bears the burden of overcoming by clear and convincing evidence a state court factual determination.  "[A] determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).  This presumption of correctness applies to a finding of fact but not to a mixed determination of law and fact.  *Parker v. Head*, 244 F.3d 831, 836 (11th Cir.), *cert. denied*, 534 U.S. 1046 (2001).

## STANDARD FOR INEFFECTIVE ASSISTANCE OF COUNSEL

Bartlett claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between."  *Waters v. Thomas*, 46 F.3d 1506, 1511 (11th Cir. 1995) (*en banc*) (quoting *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994)).  *Strickland v. Washington*, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. *Strickland*, 466 U.S. at 687, 104 S. Ct. 2052.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998).

- 6 -

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." 466 U.S. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." 466 U.S. at 690.

Bartlett must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." 466 U.S. at 691–92. To meet this burden, Bartlett must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." 466 U.S. at 694.

*Strickland* cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic

- 7 -

choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." 466 U.S. at 690–91. Bartlett cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful.

> The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial . . . . We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220–21 (11th Cir. 1992). *Accord Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable . . . . [T]he issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'") (*en banc*) (quoting *Burger v. Kemp*, 483 U.S. 776, 794 (1987)). *See also Jones v. Barnes*, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim).

Bartlett must prove that the state court's decision was "(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Sustaining a claim of ineffective assistance of counsel is very difficult because "[t]he standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so."

*Richter*, 131 S. Ct. at 788.  *See also Pinholster*, 131 S. Ct. at 1410 (A petitioner must

overcome this "'doubly deferential' standard of *Strickland* and the AEDPA."), and

*Johnson v. Sec'y, Dep't of Corr.*, 643 F.3d 907, 911 (11th Cir. 2011) ("Double deference is

doubly difficult for a petitioner to overcome, and it will be a rare case in which an

ineffective assistance of counsel claim that was denied on the merits in state court is

found to merit relief in a federal habeas proceeding.").

### **GROUNDS FOR RELIEF**

Bartlett alleges three grounds of ineffective assistance of trial counsel.  The

resolution of each ground depends on the state post-conviction court's credibility

determination.

**Ground One**

Bartlett contends that his trial counsel rendered ineffective assistance by not

moving for either a judgment of acquittal or a new trial.  Bartlett argues that the state

did not present evidence establishing each of the elements of the burglary charge and

that "[s]imply being in possession of the stolen property does not rise to the necessary

level to support a conviction especially where [Bartlett] provided a reasonable

explanation [of] how he received said property and no evidence was presented to refute

[his] explanation." (Doc. 1, pp. 5–6)  Bartlett alleges that the prosecutor presented no

evidence showing (1) that Bartlett "intended that the burglary and theft be committed

or that he did some act to assist in committing the crimes" or (2) that Bartlett knew

that the items were stolen.  Bartlett alleges that a "properly formatted" judgment of

acquittal or motion for new trial would have resulted in his acquittal of the burglary charge.

The state post-conviction court rejected this ground in Bartlett's Rule 3.850 motion after an evidentiary hearing (Respondent's Exhibit 6, final order denying Bartlett's Rule 3.850 motion, pp. 4–7) (court's record citations omitted) (emphasis added):

> In his amended motion for post-conviction relief, Defendant alleges ineffective assistance of counsel due to counsel's failure to file a proper motion for new trial and/or alternatively, counsel's failure to sufficiently move for judgment of acquittal. Specifically, Defendant, relying on pages 259 and 260 of the trial transcript, alleges during closing arguments the prosecutor argued to the jury that Defendant could be found guilty based on the actions of his alleged co-defendant. Defendant alleges the court fully instructed the jury on the principal theory. However, Defendant alleges the prosecutor presented no evidence to show that Defendant did anything to assist or aid [the co-defendant] in committing the alleged crimes.
>
> Defendant, relying on pages 146, 147, 156, 164, 165, and 213 through 222 of the trial transcript, alleges he testified at trial that he received the items from [the co-defendant], that he pawned the items, that he was told the items were given to [the co-defendant] by the Cabans as a gift, and the Cabans got new items and gave the used items to [the co-defendant]. He alleges he testified he did not know the items were stolen. Defendant alleges [that] at trial the State did not present any evidence to show that Defendant knew the items were stolen and the State never dispelled or refuted Defendant's trial testimony that he received the items from [the co-defendant] honestly believing they were given to [the co-defendant] as gifts from the Cabans. Lastly, he alleges if counsel would have properly argued and presented a motion for judgment of acquittal and properly filed a motion for new trial, the court would have granted the motion and acquitted Defendant of all charges or granted a new trial. After reviewing the allegations, the court file, and the record, the court finds Defendant's allegations are facially sufficient.

In its response, the State asserts nothing in the record supports Defendant's claims and no amount of testimony will conclusively establish that events would have transpired as Defendant claims. The State further asserts neither the record nor any amount of testimony will conclusively establish that defense counsel was in any way deficient in this regard or that Defendant was in any way deprived of a fair trial.

In his reply, Defendant asserts the factual allegations in his motion must be accepted as true to the extent they are not conclusively refuted by the record. Defendant further asserts if a claim sufficiently established a *prima facie* basis for relief and is not refuted by the record, the court should hold an evidentiary hearing to resolve any factual disputes. Therefore, Defendant requests an evidentiary hearing on this claim. The court granted an evidentiary hearing on this claim.

At the evidentiary hearing, Defendant's trial counsel, Ms. Suzanne Hernandez, testified she represented Defendant in 2006. When asked why she did not address the issue of Defendant's knowledge in the joint motion for new trial and motion for judgment of acquittal, she responded as follows:

> HERNANDEZ: The knowledge issue, I actually addressed during the trial. After the State presented their evidence, I moved for a motion for judgment of acquittal, and then I renewed the judgment of acquittal at the close of all of the evidence. I mainly used the motion for a new trial to address a discovery violation and argued it in that particular motion. But in the JOA argument that was presented and renewed, during the trial I argued various cases. There were a couple — I had case law on all sorts of different issues. But the knowledge issue, I did address in the JOA, as well as circumstantial evidence cases — reasonable hypothesis of innocence cases, State not proving that the defendant knew or should've known the property was stolen. There was at least, I think, five cases that I had argued during JOA and renewed.

She admitted she did not ask the court to consider her motion for judgment of acquittal or new trial as a renewal of her previous judgment of acquittal argument. When asked why she did not make said request, she responded, "As I stated, I filed that

> motion because of the discovery violation, which actually had to do with some fingerprints. But I didn't believe that it was necessary to address it in this particular motion because I, as I stated before, argued it—argued the JOA during the trial and then renewed the JOA at the end of all of the evidence."
>
> On cross-examination, she admitted she did not re-argue the facts regarding the knowledge element because it had already been argued and denied before Judge Fleischer during the oral motion for judgment of acquittal during the trial. She also admitted she argued during her judgment of acquittal argument the circumstantial evidence and a stacking or pyramiding of inferences.
>
> After reviewing the allegations, the testimony, evidence, and arguments presented at the November 16, 2010, evidentiary hearing, the court file, and the record, the court finds Ms. Hernandez's testimony to be credible. Therefore, the Court finds at the close of the State's case and at the close of the Defense's case, Ms. Hernandez moved for judgment of acquittal and addressed, after Defendant testified, the fact that Defendant had no knowledge that the goods were stolen during that judgment of acquittal argument. Consequently, the court finds Defendant cannot demonstrate that Ms. Hernandez's alleged failure to make the lack of knowledge argument in a motion for new trial and/or alternatively to move for judgment of acquittal resulted in prejudice when Ms. Hernandez advanced said lack of knowledge argument during her motion for judgment of acquittal at the close of the Defense's case. As such, no relief is warranted upon the allegations in [this]claim . . . .

The record supports the state post-conviction court's denial of relief.  Contrary to Bartlett's argument, counsel moved for a judgment of acquittal both at the close of the state's case and at the close of all of the evidence.  (Respondent's Exhibit 4, Vol. II, pp. 199–203, 225–31)  Counsel specifically argued in the motion that Bartlett's "reasonable hypothesis of innocence" and his lack of "guilty knowledge" supported acquittal.

Additionally, in denying relief on this ground of ineffective assistance of counsel the state post-conviction court accepted trial counsel's testimony over Bartlett's testimony. A federal court must defer to the state court's finding of fact. 28 U.S.C. § 2254(e)(1). "Determining the credibility of witnesses is the province and function of state courts, not a federal court engaging in habeas review. Federal habeas courts have 'no license to redetermine credibility of witnesses whose demeanor was observed by the state court, but not by them.'" *Consalvo v. Sec'y, Dep't of Corr.*, 664 F.3d 842, 845 (11th Cir. 2011) (quoting *Marshall v. Lonberger*, 459 U.S. 422, 434 (1983)). This deference applies to a credibility determination that resolves conflicting testimony. *Baldwin v. Johnson*, 152 F.3d 1304, 1316 (11th Cir. 1998) ("We must accept the state court's credibility determination and thus credit [the attorney's] testimony over" the petitioner's.); *cert. denied*, 526 U.S. 1047 (1999). The state court's credibility determination is presumed correct. *See Rice v. Collins*, 546 U.S. 333, 341-42 (2006) ("Reasonable minds reviewing the record might disagree about the [witness's] credibility, but on habeas review that does not suffice to supersede the trial court's credibility determination."); *Devier v. Zant*, 3 F.3d 1445, 1456 (11th Cir. 1993) ("Findings by the state court concerning historical facts and assessments of witness credibility are . . . entitled to the same presumption accorded findings of fact under 28 U.S.C. § 2254(d)."), *cert. denied*, 513 U.S. 1161 (1995).

Bartlett presents no basis for rejecting the state court's credibility determination and fails to overcome the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1).  The state post-conviction court neither unreasonably applied *Strickland* nor unreasonably determined the facts in rejecting this ground.[3]

28 U.S.C. § 2254(d)(1), (2).

**Ground Two**

Bartlett contends that his trial counsel rendered ineffective assistance by not requesting a jury instruction that "satisfactorily explained"[4] his possession of the recently stolen property.  Bartlett claims that he presented to the jury a reasonable explanation for his possession of the property and that counsel's failure to request the instruction resulted in prejudice.

---

[3] In ground one Bartlett argues entitlement to having both his conviction and sentence vacated under *Sullivan v. Louisiana*, 113 S. Ct. 2078 (1993) (holding that a constitutionally deficient reasonable doubt instruction requires reversal of a conviction). Bartlett, citing *Arizona v. Fulminante*, 499 U.S. 279 (1991), and *Chapman v. California*, 368 U.S. 18 (1967), further argues that "the Fifth and Fourteenth [A]mendments required a jury verdict [of] guilt[] beyond a reasonable doubt." (Doc. 1, pp. 8-9) To the extent that Bartlett asserts as a separate claim for relief a violation of either the Fifth or the Fourteenth Amendment, he cannot obtain relief because he did not present his federal claim to the state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The ground is unexhausted and procedurally defaulted because Bartlett cannot return to state court to raise the claim in a second direct appeal. *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001). Bartlett satisfies neither the cause and prejudice exception nor the fundamental miscarriage of justice exception to overcome the default. *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *United States v. Frady*, 456 U.S. 152 (1982). Consequently, the due process claim is procedurally barred from federal review.

[4] Bartlett fails to state what "satisfactorily explained" instruction counsel should have requested. Presumably he means the following excerpt of Florida's standard jury instruction on burglary (Fla. Std. J. Instr. 13.1) (emphasis added):

> Proof of possession by an accused of property recently stolen by means of a burglary, unless *satisfactorily explained*, may justify a conviction of burglary if the circumstances of the burglary and of the possession of the stolen property convince you beyond a reasonable doubt that the defendant committed the burglary.

The state post-conviction court rejected this ground in Bartlett's Rule 3.850

motion after an evidentiary hearing (Respondent's Exhibit 6, final order denying

Bartlett's Rule 3.850 motion, pp. 10–14) (court's record citations omitted):

> In his amended motion for post-conviction relief Defendant
> alleges ineffective assistance of counsel due to counsel's failure to
> request that the jury be given [a] "satisfactorily explained" jury
> instruction. Specifically, Defendant alleges it is clear in
> Defendant's unrefuted trial testimony that he gave a reasonable
> and satisfactory explanation for his possession of the recently
> stolen property and, therefore, the "satisfactorily explained" jury
> instruction was applicable. Defendant alleges the court did not
> give the jury instruction and his counsel did not request that the
> instruction be given. Defendant alleges he was prejudiced
> because the jury was able to infer guilty knowledge based on
> Defendant's possession of recently stolen property.
>
> Defendant alleges if the proper instruction was given, the jury
> would have been directed to not infer guilty knowledge because
> Defendant gave a satisfactory explanation for his possession.
> However, Defendant alleges without the instruction, the jury was
> bound to infer Defendant knew the property was stolen. Lastly,
> he alleges if the jury instruction had been properly requested and
> presented, such would have directed the jury to not infer guilty
> knowledge, where Defendant's testimony placed the knowledge
> element at issue. After reviewing the allegations, the court file,
> and the record, the court finds Defendant's allegations are facially
> sufficient.
>
> In its response, the State asserts nothing in the record supports
> Defendant's claims and no amount of testimony will conclusively
> establish that events would have transpired as Defendant claims
> or insinuates. The State further asserts neither the record nor any
> amount of testimony will conclusively establish that defense
> counsel was in any way deficient in this regard or that Defendant
> was in any way deprived of a fair trial.
>
> In his reply, Defendant asserts the factual allegations in his
> motion must be accepted as true to the extent they are not
> conclusively refuted by the record. Defendant further asserts if a
> claim sufficiently establishes a prima facie basis for relief and is
> not refuted by the record, the court should hold an evidentiary
> hearing to resolve any factual disputes. The court granted an
> evidentiary hearing on this claim.

At the hearing, when asked why she did not request the jury instruction that gives a satisfactory explanation for the proof of possession, Ms. Hernandez responded as follows:

> HERNANDEZ: This one was in regards to I think the dealing in stolen property charge. The reason for not using that particular — it's an inference specifically. The reason why we didn't use it is because it's actually — that inference just expands on element two of the dealing in stolen property jury instruction where it talks about knowledge. It doesn't assist the defendant by including that inference because it's — the whole inference states that if the defendant is in the possession of recently stolen property, there is an inference that they knew or should have known it was stolen. So it doesn't assist the defendant. But in regards to the particular part of the inference — if it's satisfactorily explained, that particular language, Mr. Bartlett testified, and he testified the fact [sic] and explained why he had possession of these items. So even if that jury instruction was particularly used, he testified as to why he had it, and that is — that goes to element two of dealing in stolen property, which talks about knowledge.

When asked if she agreed that had she requested that the jury instruction that explained the proof of possession be given, that it would have further substantiated Defendant's testimony, she responded as follows:

> HERNANDEZ: No, I don't believe so. I mean, he — as I stated, he testified as to the reason that he had possession of the property. And Mr. Kelley, the co-counsel, argued in closing argument about — well, he basically pointed out numerous times the whole defense that Mr. Bartlett was stating, the reason why he had these items. So I don't believe so. And as I said before, it really just discusses what element two is, and we argued that in closing — or Mr. Kelley argued in closing.

She testified she believed Mr. Kelley, during closing arguments, argued why Defendant had the items and that he had no knowledge that the items were stolen.

> On cross-examination, she admitted that instruction would not necessarily benefit Defendant, especially in light of the fact that Defendant testified and gave his own explanation. She testified she believed the pawning of the items was just a few hours apart on the same day.
>
> After reviewing the allegations, the testimony, evidence, and arguments presented at the November 16, 2010, evidentiary hearing, the court file, and the record, the court finds Ms. Hernandez's testimony to be credible. Therefore, the court finds Ms. Hernandez did not make the alleged request because that instruction would not have necessarily benefitted Defendant, especially in light of the fact that Defendant testified and gave his own explanation. Consequently, the court finds Defendant cannot demonstrate that M[s]. Hernandez acted deficiently in failing to make the alleged request that the jury be given [a] "satisfactorily explained" jury instruction when that instruction would not have necessarily benefitted Defendant in light of Defendant's testimony giving his own explanation. As such, no relief is warranted upon the allegations in [this] claim . . . .

Again, the state post-conviction court accepted trial counsel's testimony over Bartlett's testimony. The state court's credibility determination is presumed correct. *Collins*, 546 U.S. at 341-42 (2006); *Devier*, 3 F.3d at 1456. Bartlett presents no basis for rejecting the state court's credibility determination and fails to overcome the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Notwithstanding the credibility determination, Bartlett fails to establish prejudice resulting from counsel's alleged error. Bartlett testified about how he came to possess the stolen items. The jury found the testimony unpersuasive. Bartlett fails to show a reasonable probability exists that giving the "satisfactorily explained" instruction would have resulted in his acquittal of the burglary. The state court neither unreasonably applied *Strickland* nor unreasonably determined the facts in rejecting this ground. 28 U.S.C. § 2254(d)(1), (2).

**Ground Three**

Bartlett contends that his trial counsel rendered ineffective assistance by not objecting to either the prosecutor's allegedly improper cross-examination of Bartlett or the prosecutor's allegedly improper comments in closing argument.

Cross-examination

Bartlett cites the following excerpt of his cross-examination (Respondent's Exhibit 4, Vol. II, pp. 219–20):

> Q: Okay, sir, let me see if I have your story straight. You're saying the Cabans gave this property over to [the co-defendant] and that she then gave it to you; is that correct?
>
> A: That is correct.
>
> Q: So you're saying that when the Cabans came to court today and said the property was stolen from them, that they were lying?
>
> A: I'm not saying that at all.
>
> Q: What are you saying?
>
> A: I'm going on as far as what [the co-defendant] told me.
>
> Q: Okay. So you're basing it on hearsay?
>
> A: Yes, sir.

Bartlett argues that this inquiry "served to mislead the jury and make them believe that [Bartlett] was making up stories or testimony when [Bartlett] was testifying truthfully." (Doc. 1, p. 17)  Bartlett claims the prosecutor's questioning resulted in an impermissible shift of the burden of proof to which counsel should have objected.

The state post-conviction court rejected this claim of ineffective assistance of counsel after an evidentiary hearing (Respondent's Exhibit 6, final order denying Bartlett's Rule 3.850 motion, pp. 15–17) (court's record citations omitted):

>In his amended motion for post-conviction relief Defendant alleges ineffective assistance of counsel due to counsel's failure to object or move for a mistrial when the prosecutor committed misconduct during the State's cross-examination of Defendant. Specifically, Defendant, relying on pages 219 and 220 of the trial transcript, alleges the State asked him, "So you're saying that when the Cabans came to court today and said that property was stolen from them, that they were lying?" Defendant alleges the next question the State asked him was "What are you saying?" Defendant alleges when he answered the question, the prosecutor immediately stated that Defendant was basing his answer on hearsay to create a false impression in the eyes of the jury and confuse them regarding the issue. Defendant alleges the State's argument only served to mislead the jury and make them believe Defendant was making up stories or testimony when Defendant was testifying truthfully.
>
>Defendant alleges the outcome of Defendant's trial was unreliable because the burden of proof was shifted by the prosecutor to Defendant to prove his innocence and it affected the integrity of the fact-finding process. Defendant further alleges a proper objection may have moved the Court to give a curative instruction and a motion for mistrial may reasonably have precipitated a mistrial. Defendant alleges the cumulative effect of the comments were so prejudicial that they tainted the jury's verdict. Lastly, he alleges but for counsel's deficient conduct, the result of the trial would have been different. After reviewing the allegations, the court file, and the record, the court finds Defendant's allegations are facially sufficient.
>
>In its response, the State asserts nothing in the record supports Defendant's claims and no amount of testimony will conclusively establish that events would have transpired as Defendant claims. The State denied that any portion of the State's cross-examination of Defendant was improper and denies that any prosecutorial misconduct occurred. The State further asserts neither the record nor any amount of testimony will conclusively establish that defense counsel was in any way deficient in this regard or that Defendant was in any way deprived of a fair trial.

In his reply, Defendant asserts the factual allegations in his motion must be accepted as true to the extent they are not conclusively refuted by the record. Defendant further asserts if a claim sufficiently established a prima facie basis for relief and is not refuted by the record, the court should hold an evidentiary hearing to resolve any factual disputes. The court granted an evidentiary hearing on this claim.

At the evidentiary hearing, when asked why she did not object to the prosecutor's line of questioning, Ms. Hernandez responded as follows:

> HERNANDEZ: Referring — I believe that one referred to — that claim by Mr. Bartlett referred to the questioning regarding are you saying that the victims were lying, that sort of thing? And then, what are you saying? I did not object to this because I didn't believe that there was a basis to object. I don't believe that this was prejudicial misconduct by the prosecutor. This is — he asked him if he thought that he was lying and he said no. And then he said what are you saying? So he's giving Mr. Bartlett the opportunity to explain.

On cross-examination, she testified she did not consider any of the State's questions to be objectionable. After reviewing the allegations, the testimony, evidence, and arguments presented at the November 16, 2010, evidentiary hearing, the court file, and the record, the court finds Ms. Hernandez's testimony to be credible. Therefore, the court finds Ms. Hernandez did not make the alleged objection or motion for mistrial because she did not consider any of the State's questions to be objectionable or improper. The court finds, after reviewing pages 219 and 220 of the trial transcript, the State's questions were not objectionable or improper. Consequently, the court finds Defendant cannot demonstrate that Ms. Hernandez acted deficiently in failing to make the alleged objection or motion for a mistrial when the prosecutor's questions were not objectionable or improper. As such, no relief is warranted upon the allegations in [this] claim . . . .

The state post-conviction court accepted trial counsel's testimony over Bartlett's testimony.  The state court's credibility determination is presumed correct. *Collins*, 546 U.S. at 341-42 (2006); *Devier*, 3 F.3d at 1456.  Bartlett presents no basis for rejecting the

state court's credibility determination and fails to overcome the presumption of correctness by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

Notwithstanding the credibility determination, both the state post-conviction court in rejecting Bartlett's claim of ineffective assistance of counsel and the state district court of appeal in affirming that rejection have answered the question of what would have happened if counsel had objected at trial to the prosecutor's cross-examination of Bartlett.  The state courts' interpretation of state law and state evidentiary rules is afforded deference.  *See Will v. Sec'y, Dep't of Corr.*, 278 Fed. App'x 902, 908 (11th Cir. 2008)[5] ("Although an ineffective assistance of counsel claim is a *federal* constitutional claim, which we consider in light of the clearly established rules of *Strickland*, when 'the validity of the claim that [counsel] failed to assert is clearly a question of *state* law, . . . we must defer to the state's construction of its own law.'") (citing *Alvord v. Wainwright*, 725 F.2d 1282, 1291 (11th Cir. 1984)); *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1354–55 (11th Cir. 2005) ("The Florida Supreme Court already has told us how the issues would have been resolved under state law had [petitioner's counsel] done what [petitioner] argues he should have done . . . . It is a 'fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters.'") (quoting *Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir. 1997)); *Callahan v. Campbell*, 427 F.3d 897, 932 (11th Cir. 2005) ("[T]he Alabama Court of Criminal Appeals has already answered the

---

[5]  "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. Rule 36-2.

question of what would have happened had [petitioner's counsel] objected to the

introduction of [petitioner's] statements based on [state law] — the objection would

have been overruled . . . . Therefore, [petitioner's counsel] was not ineffective for

failing to make that objection."). Because the challenged line of questioning was

admissible under state evidentiary rules, Bartlett establishes neither deficient

performance nor resulting prejudice from counsel's alleged error. *Strickland*, 466 U.S.

at 691–92. Bartlett fails to meet his burden of proving that the state court unreasonably

applied controlling Supreme Court precedent or unreasonably determined the facts in

rejecting this claim. 28 U.S.C. § 2254(d)(1), (2).

Closing argument

The prosecutor argued in his closing argument (Respondent's Exhibit 4, Vol. III,

pp. 259–61):

> One of the instructions you're going to receive is called
> "principals." It reads, "If the defendant helped another person or
> persons commit a crime, the defendant is a principal and must be
> treated as if he had done all of the things the other person or
> persons did, if, number one, the defendant had a conscious intent
> that the criminal act be done; and, number two, the defendant did
> some act or said some word which was intended to and which
> did incite, cause, encourage, assist, or advise the other person or
> persons to actually commit the crime."
>
> "To be a principal, the defendant does not have to be present
> when the crime is committed." Now why is this instruction
> important? The dealing in stolen property and the false
> information on a pawnbroker form shows that Mr. Bartlett was
> involved in this criminal enterprise with [the co-defendant].
>
> Clearly he did not act alone, okay? Clearly, he did have help. But
> as we mentioned earlier, [the co-defendant] isn't here on trial. We
> don't have her here to put on trial.

What the defense is doing, in effect, is what I call the "empty chair defense." The co-defendant's not here, we don't know where she is, let's blame the empty chair.

Makes sense, right? The empty chair can't speak for itself, the empty chair can't refute any of what you're saying, so we'll blame the empty chair.

Well, there are a few things we need to talk about regarding this theory of the defense. This idea that [the co-defendant] acted independently and alone; this idea that Mr. Bartlett had no involvement in this whatsoever, and that he was just innocently duped by this woman.

Bartlett argues that his trial counsel rendered ineffective assistance by not objecting to this portion of the prosecutor's closing argument because the argument impermissibly shifted the burden of proof from the prosecution to the defense, resulting in the denial of a fair trial.

The state post-conviction court rejected this claim of ineffective assistance of counsel after an evidentiary hearing (Respondent's Exhibit 6, final order denying Bartlett's Rule 3.850 motion, pp. 17–21) (court's record citations omitted):

In his "amended motion for postconviction relief,"" Defendant alleges ineffective assistance of counsel due to counsel's failure to object to or move for a mistrial based on prosecutorial misconduct during closing arguments when the prosecutor improperly argued to the jury that Defendant relied on an empty chair defense. Specifically, Defendant, relying on pages 259 through 261 of the trial transcript, alleges the State argued, "What the defense is doing, in effect, is what I call the empty-chair defense. The co-defendant's not here, we don't know where she is, let's blame the empty chair. Makes sense right? The empty chair can't speak for itself, the empty chair can't refute any of what you're saying, so we'll blame the empty chair. Well, there are a few things that we need to talk about regarding this theory of defense. This idea that Debra acted independently and alone; this idea that Ms. Bartlett had no involvement in this whatsoever, and that he was just innocently duped by this woman."

Defendant alleges the outcome of Defendant's trial was unreliable because the burden of proof was shifted by the prosecutor to Defendant to prove his innocence and it affected the integrity of the fact-finding process. Defendant further alleges a proper objection may have moved the Court to give a curative instruction and a motion for mistrial may reasonably have precipitated a mistrial. Defendant alleges the cumulative effect of the comments were so prejudicial that they tainted the jury's verdict. Lastly, he alleges but for counsel's deficient conduct, the result of the trial would have been different. After reviewing the allegations, the court file, and the record, the Court finds Defendant's allegations are facially sufficient.

In its response, the State asserts nothing in the record supports Defendant's claims and no amount of testimony will conclusively establish that events would have transpired as Defendant claims. The State denies that any portion of the State's closing argument was improper and denies that any prosecutorial misconduct occurred. The State asserts the prosecutor made a valid, proper, legal comment on the evidence in the case including Defendant's testimony and no part of the prosecutor's closing argument shifted the burden of proof to the defense. The State further asserts neither the record nor any amount of testimony will conclusively establish that defense counsel was in any way deficient in this regard or that Defendant was in any way deprived of a fair trial.

In his reply, Defendant asserts the factual allegations in his motion must be accepted as true to the extent they are not conclusively refuted by the record. Defendant further asserts if a claim sufficiently established a prima facie basis for relief and is not refuted by the record, the court should hold an evidentiary hearing to resolve any factual disputes. The court granted an evidentiary hearing on this claim.

At the hearing, when asked why she did not object, Ms. Hernandez, testified as follows:

> HERNANDEZ: I believe the prosecutor argued that during closing argument, which that's the portion of the trial that I did not argue; Mr. Kelley had actually argued it. I can try to answer the question, but I'd be speculating as to why Mr. Kelley specifically didn't argue — did [not] object rather. Being that he did that portion of the trial, he would've been the one to make any objections. But

> as for why Mr. Kelley didn't object to that line of
> questioning would be, well again, I'd be
> speculating. But it wasn't shifting the burden by
> Mr. Bridges. He is commenting on the evidence
> and the empty chair is what we were arguing.
>
> Ms. Hernandez testified that she believed she and Mr. Kelley had
> the opportunity to discuss trial strategy and closing arguments
> during lunch.
>
> On cross-examination, she testified she did not find any of the
> State's comments during closing arguments with respect to the
> empty chair defense objectionable in any fashion. She testified
> she believed it was a fair comment on the evidence and the facts
> that had been presented at trial.
>
> After reviewing the allegations, the testimony, evidence, and
> arguments presented at the November 16, 2010, evidentiary
> hearing, the court file, and the record, the Court finds Ms.
> Hernandez's testimony credible. Therefore, the Court finds Ms.
> Hernandez did not make the alleged objection because she did
> not find the State's comments objectionable and found them to be
> a fair comment on the evidence and facts presented at trial. The
> Court, after reviewing pages 259 through 261 of the trial
> transcript, finds the State's comments were not objectionable and
> were a fair comment on the evidence and facts presented at trial.
> Consequently, the Court finds Defendant cannot demonstrate
> that Ms. Hernandez acted deficiently in failing to make the
> alleged objection or move for a mistrial when the State's
> comments were not objectionable and were a fair comment on
> the evidence and facts presented at trial. As such, no relief is
> warranted upon [this claim].

Again, the state post-conviction court accepted trial counsel's testimony over

Bartlett's testimony. The state court's credibility determination is presumed correct.

*Collins*, 546 U.S. at 341-42 (2006); *Devier*, 3 F.3d at 1456. Bartlett presents no basis for

rejecting the state court's credibility determination and fails to overcome the

presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Notwithstanding the credibility determination, Bartlett cannot satisfy *Strickland*. To prove prosecutorial misconduct Bartlett must show that the challenged conduct was both improper and prejudiced his substantial rights. *Sexton v. Howard*, 55 F.3d 1557, 1559 (11th Cir. 1995). An improper prosecutorial remark compels habeas corpus relief only if the remark is so egregious that the proceeding is rendered fundamentally unfair. "[I]t is not enough that the prosecutors' remarks were undesirable or even universally condemned." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986). *See also Smith v. Phillips*, 455 U.S. 209, 219 (1982) ("[T]he touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor."). *Darden*, 477 U.S. at 181, teaches:

> The relevant question is whether the prosecutors' comments "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, [643] . . . (1974). Moreover, the appropriate standard of review in a petition for the writ of habeas corpus is "the narrow one of due process, and not the broad exercise of supervisory power." *Id.*, at 642 . . . .

*Accord Tucker v. Kemp*, 802 F.2d 1293, 1296 (11th Cir. 1986) (*en banc*) ("If a reviewing court is confident that, absent the improper remarks, the jury's decision would have been no different, the proceeding cannot be said to have been fundamentally unfair."), *cert. denied*, 480 U.S. 911 (1987); *United States v. Young*, 470 U.S. 1, 11 (1985) ("[A] criminal conviction is not to be lightly overturned on the basis of a prosecutor's comments standing alone, for the statements or conduct must be viewed in context; only by doing so can it be determined whether the prosecutor's conduct affected the fairness of the trial.").

The trial judge instructed the jury before closing argument that the attorneys' arguments were not evidence.  (Respondent's Exhibit 4, Vol. III, pp. 243–44)  Taken in the context of the entire trial, the prosecutor's comments, even if improper, neither rendered the trial fundamentally unfair nor infected the trial with such unfairness that the resulting convictions amount to a denial of due process.  *See Tucker v. Kemp*, 802 F.2d at 1296.  Bartlett fails to show that the jury would have acquitted him if counsel had objected to the prosecutor's closing argument.  Consequently, Bartlett fails to meet his burden of proving that the state court unreasonably applied controlling Supreme Court precedent or unreasonably determined the facts in rejecting this claim of ineffective assistance of counsel.  28 U.S.C. § 2254(d).

Accordingly, Bartlett's petition for the writ of habeas corpus (Doc. 1) is **DENIED**.  The clerk must enter a judgment against Bartlett and close this action.

### DENIAL OF BOTH A<br>CERTIFICATE OF APPEALABILITY<br>AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Bartlett is not entitled to a certificate of appealability  ("COA").  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  To merit a COA, Bartlett must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise.  *See* 28 U.S.C.

§ 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001).  Because he fails to show that reasonable jurists would debate either the merits of the claims or the procedural issues, Bartlett is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**.  Leave to appeal *in forma pauperis* is **DENIED**.  Bartlett must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on March 30, 2016.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE